Joseph Baumgarten (JB-7215)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

TAB TIMOTHY STEWART,

           Plaintiff,

           v.

BANK OF AMERICA CORPORATION,

           Defendant.

------------------------------------X

09-CV-3095 (DAB)

**ANSWER**

    Defendant, Bank of America Corporation ("Defendant" or "BAC"), for its answer to the complaint, alleges as follows:

    1.    Denies the allegations of paragraph "1," except admits that plaintiff purports to bring this action pursuant to the statutes cited.

    2.    Denies the allegations of paragraph '2," except admits that plaintiff is an African-American man; that he is a graduate of Harvard College and Columbia Law School; and that he worked at law firms and an investment bank prior to becoming employed by Bank of America, N.A. ("BANA").

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "3," except admits that plaintiff was offered the position of Assistant General Counsel, a junior title for attorneys employed by BANA.

4. Denies the allegations of paragraph "4," except admits that plaintiff and other attorneys supported various units of the Global Corporate and Investment Bank.

5. Denies the allegations of paragraph "5," except admits that plaintiff was evaluated as meeting expectations and that plaintiff requested promotion; and denies knowledge or information sufficient to form a belief as to plaintiff's expectations.

6. Denies the allegations of paragraph "6," except admits that plaintiff was not promoted and that several white attorneys were hired as or promoted to Associate General Counsel.

7. Denies the allegations of paragraph "7," except admits that in or about summer 2007, plaintiff began reporting to an attorney who reported to plaintiff's previous direct supervisor.

8. Denies the allegations of paragraph "8," except denies knowledge or information sufficient to form a belief as to the truth of the allegations of plaintiff's beliefs.

9. Denies the allegations of paragraph "9," except admits that plaintiff spoke to Alice Herald, a Deputy General Counsel with responsibility for diversity efforts, in or about fall 2007, and expressed concern over a perceived lack of opportunities for advancement.

10. Denies the allegations of paragraph "10," except admits that plaintiff complained again to Ms. Herald about a perceived lack of opportunities for advancement.

11. Denies the allegations of paragraph "11," except admits that plaintiff was informed on February 20, 2009 that his employment would be terminated as part of a reduction in force.

12. Admits the allegations of paragraph "12."

13. Admits the allegations of paragraph "13."

14. Admits the allegations of paragraph "14."

15. Denies the allegations of paragraph "15," except admits that BAC is a corporation incorporated under the laws of the state of Delaware with its principal place of business in Charlotte, North Carolina and that BAC has offices in New York City.

16. Denies the allegations of paragraph "16," except admits that plaintiff became employed by BANA as an attorney in its Legal Department in New York City.

17. Denies knowledge or information sufficient to form a belief concerning the allegations of paragraph "17," except admits that plaintiff is a graduate of Harvard College and Columbia Law School and that he worked for Nixon Peabody LLP, Greenberg Traurig LLP, and J.P. Morgan Securities Inc. ("J.P. Morgan"), before becoming employed by BANA.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "18," except admits that plaintiff joined BANA from J.P. Morgan.

19. Denies the allegations of paragraph "19," except admits that plaintiff was offered the position of Assistant General Counsel, a junior title for attorneys in the BANA Legal Department, and that white attorneys were hired as both Assistant General Counsel and Associate General Counsel.

20. Denies the allegations of paragraph "20."

21. Denies the allegations of paragraph "21," except admits that plaintiff initially reported to Margaret Grieve, an Associate General Counsel who reported to William Caccamise, a Deputy General Counsel; and that Ms. Grieve had direct reports who were either Assistant General Counsel or Associate General Counsel.

22. Denies the allegations of paragraph "22," except admits that plaintiff and Ms. Grieve discussed plaintiff's desire to be promoted.

23. Denies the allegations of paragraph "23," except admits that plaintiff was evaluated as "meets expectations."

24. Denies the allegations of paragraph "24," except admits that plaintiff was not promoted and was not a manager; and admits that certain white attorneys hired as Assistant General Counsel were subsequently promoted to Associate General Counsel.

25. Denies the allegations of paragraph "25," except admits that BANA hired Steven Chaiken as Associate General Counsel in 2005 and that plaintiff began reporting to Mr. Chaiken in 2006.

26.   Denies the allegations of paragraph "26," except admits that plaintiff spoke to Mr. Chaiken and Ms. Grieve about his desire to be promoted.

27.   Admits the allegations of paragraph "27."

28.   Denies the allegations of paragraph "28," except admits that plaintiff began reporting to Robert Whitehead in or about September or October 2007; that Mr. Whitehead was an Associate General Counsel who reported to Mr. Chaiken; and that plaintiff expressed unhappiness about the change in reporting.

29.   Denies the allegations of paragraph "29," except admits that plaintiff attended the annual Minority Corporate Counsel Association dinner on behalf of the Legal Department; that he was a member of the Legal Department's Diversity Business Council; and that he spoke to Ms. Herald at the event.

30.   Denies the allegations of paragraph "30," except admits that plaintiff expressed concern to Ms. Herald about a perceived lack of advancement opportunities.

31.   Denies the allegations of paragraph '31," except admits that in or about April 2008, several white attorneys were promoted to Associate General Counsel.

32.   Denies the allegations of paragraph "32," except admits that plaintiff expressed concern to Ms. Herald about a perceived lack of advancement opportunities.

33.   Denies the allegations of paragraph "33," except admits that plaintiff was informed on February 20, 2009 that his employment would be terminated as part of a reduction in force.

34. Denies the allegations of paragraph "34."

35. Repeats and realleges its responses to paragraphs "1" through "34" as if fully set forth herein.

36. Denies the allegations of paragraph "36."

37. Repeats and realleges its responses to paragraphs "1" through "36" as if fully set forth herein.

38. Denies the allegations of paragraph "38."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in part by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of an action under the New York City Human Rights Law.

-7-

WHEREFORE, Defendant respectfully requests that the complaint be dismissed in its entirety and that defendant be awarded its attorney's fees and costs and such other relief as the Court may deem proper.

                    PROSKAUER ROSE LLP

                    By: *[signature]*
                          Joseph Baumgarten

                    1585 Broadway
                    New York, New York  10036
                    212-969-3000

                    Attorneys for Defendant

Dated:  July 13, 2009